NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1123n.06

Case No. 11-2422

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 31, 2012*

DEBORAH S. HUNT, Clerk

GARY WARD,                                    )
                                             )
    Petitioner-Appellant,                    )
                                             )         ON APPEAL FROM THE
    v.                                       )         UNITED STATES DISTRICT
                                             )         COURT FOR THE EASTERN
BLAINE LAFLER, WARDEN,                        )         DISTRICT OF MICHIGAN
                                             )
    Respondent-Appellee.                     )
                                             )
_____      )

**BEFORE:  BATCHELDER, Chief Circuit Judge; KEITH and MARTIN, Circuit Judges.**

**ALICE M. BATCHELDER, Chief Judge.**  This case arises from a drug purchase that went bad and the resulting shooting.  The appellant, Gary Ward, was charged with and convicted of assault with intent to commit murder, armed robbery, possession with intent to deliver marijuana, and possession of a firearm during the commission of a felony.

Ward retained Robert Slameka as his defense attorney prior to the preliminary hearing.  The relationship between Ward and Slameka quickly deteriorated.  Ward repeatedly refused to meet with Slameka in the intervening period before trial.  Slameka, for his part, requested to withdraw at the beginning of trial because he had been unable to meet with his client, stating, "I have no defense, I have no idea what I'm doing whatsoever."  The trial was heard anyway and Ward was convicted on all counts.  On this habeas appeal, Ward alleges ineffective assistance of trial counsel, arguing both presumptive ineffectiveness under *United States v. Cronic*, 466 U.S. 648 (1984) and ineffectiveness under *Strickland v. Washington*, 466 U.S. 668 (1984).

The Michigan Court of Appeals found as a matter of fact that it was Ward's fault that his counsel was unable to meet with him about his case before trial and that counsel performed "admirably" under the circumstances. Relying on these and other findings, the court dismissed Ward's ineffective assistance claims. Ward then brought this habeas appeal. The federal district court held that the state decision was not objectively unreasonable in its analysis under either *Cronic* or *Strickland*. Ward timely appealed to this court.

After carefully reviewing the district court's opinion, the briefs, and the record in this case, we conclude that the district court did not err in dismissing Ward's claims. As the district court correctly set out the applicable law and correctly applied that law to the undisputed material facts contained in the record, issuance of a full written opinion by the court would serve no jurisprudential purpose.

Accordingly, for the reasons stated in the district court's well-reasoned opinion, we **AFFIRM** the judgment of the district court.